## WILLIAMS v. CITIZENS, &c.

1. LIQUOR: *The three-mile law. The petition.*
   No order prohibiting the sale of liquor under the three-mile law can be made upon a petition which designates two points within three miles of which the sale is to be prohibited.

2. SAME: *A majority vote for license no bar to the three-mile law.*
   It is no bar to the prohibition of the sale of liquor under the three-mile law, that at the last general election a majority of the voters in the township in which it is to be prohibited voted for license to sell it.

3. SAME: *The proceeding under the three-mile law. The petition. Signatures. Counter petition.*
   The proceeding under the three-mile law is a police proceeding and not in the nature of a suit between parties. The petition of the adult inhabitants gives jurisdiction to the Court. The signatures are taken as *prima facie* genuine or properly authorized, and unless the Court should, for good reason, permit them to be withdrawn, its only province is to determine from the best mode fairly practical, whether they constitute a majority of the adult inhabitants within the prescribed limits. A remonstrance or counter petition is not provided for by the statute and is in no sense evidence, but may be admitted as apprising the Court that the petition does not contain a majority of the inhabitants; but even if signed by the same parties as the original, need not prevail over it.

4. SAME: *Appeal to Circuit Court. Preceeding. No Jury. The judgment.*
   Upon appeal from the judgment of the County Court upon a peti-

tion under the three-mile law, the Circuit Judge assumes the place of the County Judge and is to try the case *de novo* and without the intervention of a jury, and should himself determine whether the petition contains a majority of the adult inhabitants; and as to this should attach great weight to the judgment of the County Court and sustain it unless pretty clearly erroneous; and the final judgment of the Circuit Court should be ordered to the County Court to be made its own.

5. TRIAL BY JURY. *Not changed by the statute*.

The constitutional right to trial by jury is confined to cases which by common law were so triable before, and is not enlarged by section 4642, Gantt's Digest.

APPEAL from *Crittenden* Circuit Court.

Hon. L. L. MACK, Circuit Judge.

*O. P. Lyles* for Appellants.

1. The evidence fails to show a majority of the adult inhabitants in the prescribed area, in favor of the petition.

2. The Court erred in ruling out the counter petition.

3. There was no case for a jury trial.

4. Some of the jury were incompetent. Some had fixed opinions. Some were signers of the petition and parties to the suit, &c., &c.

### STATEMENT.

EAKIN, J. At the July term, 1881, of the Crittenden County Circuit Court, a petition was presented purporting to be signed by a majority of the adult inhabitants within three miles of two Churches at Marion, situated about 200 yards apart. It sought an order to prohibit the sale, or giving away, of liquors within that area. J. C. Williams and certain others, licensed vendors of liquor, were admitted to defend, and oppose the order. They filed a counter petition containing a great many names, together with a demurrer and answer to the original petition. The County Court sustained the demurrer on the

ground that the question of license had been determined, at the last general election, in favor thereof. The petition was rejected, and the petitioners appealed to the Circuit Court.

There, upon motion of the opponents, a jury was empannelled to try the issues made by the petition and the matters alleged in opposition to it. These were: 1st. That it was not signed by a majority of the adult inhabitants in the required circle; 2d. That it was signed by various females; 3d. That many of the signers had been obtained by undue influence; 4th. That a large number of them had withdrawn their names, and signed a remonstrance or counter petition, which was exhibited; 5th. That many of the signers resided more than three miles from said churches; 6th. That a large number of them were not permanent citizens and inhabitants; 7th. That many were under 21 years of age; 8th. That at the last general election the question of granting license had been voted upon and carried against prohibition, and 9th. That the defendants were liquor dealers and had license until the close of that year, and that the petition until that time was premature, as the adult inhabitants might then be different.

The jury found "that there were 806 adult inhabitants living in a radius of three miles" of said churches "and that the prohibition petition is entitled to 458 names, being a majority of 54. Therefore we find for the plaintiffs."

Upon this the Circuit Court reversed the order of the County Court and ordered that "hereafter it shall be unlawful for any person or persons to vend, sell or give away any vinous, spiritous or intoxicating liquors," &c., within said limits, excepting those who had already obtained license, and that no further license should be

Williams v. Citizens, &c.

issued. There was a motion for a new trial, bill of exceptions and appeal to this Court.

### OPINION.

Lest a bad practice should obtain by silence, it is proper to say that the petition is not such a one as is contemplated by the act of March 21st, 1881, commonly called the local option law. That provides for a petition by by the adult inhabitants residing within three miles of any school house, church, &c., upon which the County Court, being satisfied that a majority of such inhabitants have signed such petition, shall make an order granting the prayer, that is, prohibiting the sale of liquors within that area. This is a statutory proceeding, and cannot be extended beyond its prescribed limits. Two points, as centers of circular areas, cannot be designated in the same petition, signed without distinction, by a majority of the adult inhabitants living within three miles of *both* points, or of either one or the other point. In the first case the area would be *less* than one with a radius of three miles, and in the second case it would be greater. The statute confers no authority to make such an order as would result, in either case. Every adult inhabitant residing within three miles of any particular school house, church, &c., should be counted in determining the majority, that is in theory, and as nearly practically as possible, and no one living more than three miles from that particular house should be. This cannot be effected by designating two or more distinct buildings more or less widely separated, without any indication of one as the center for all. Where they are close together, it would probably make little difference, but embarrassments would grow as the distance widened, and the Courts can not fix the limits within which the practice would be permissible.

<div style="margin-note">1. The three mile law.<br>The petition.</div>

Nor is there any use of it. If two institutions are very close together, all the benefit to both would be obtained by taking either as the center of the six mile area. If distant, the law does not justify such sweeping prohibitions in one petition. If they may be 200 yards apart, why not three miles, in which case none could be estimated who did not reside between the two places—for they only could be said to live within three miles of both points. Or, if it be sufficient to live within three miles of either, then the inhabitants of a space nine miles wide might join in. The same principle, though in less startling manner, applies, until the points coincide. The petition should never have been entertained by the County Court. It was properly dismissed, but upon erroneous grounds. The act is constitutional, and saving licenses in existence when the order may be made, operates, although at the previous general election it may have been determined by vote, that licenses within the township would be permissible.

2. Majority vote for license no bar to the petition.

The judgment of the Circuit Court, after reversing the order of the County Court, was in part "that hereafter it shall be unlawful for any person or persons, to vend, sell or give away any vinous, spiritous or intoxicating liquors, &c., * * * within three miles of the Methodist Episcopal Church in the town of Marion, *and* the Pleasant Grove Baptist Church near the said town of Marion." The statute does not authorize such an order.

3. The proceeding is police proceeding.
Signatures prima facie genuine.
Counter petition.

The proceeding contemplated by the statute is not in the nature of a suit between parties. It is a police proceeding for the better regulation of the internal affairs of counties, for the preservation of morals, and protection of the peace of the citizens. The petition is only the jurisdictional condition upon which the Court acts, when satisfied that it contains the names of a majority of the

adult inhabitants.   The act provides for no remonstrance
or counter petition, and the County Court is not required
to notice them as in any sense evidentiary.   It may do
so, as calling its attention to the fact that the petition
does not contain the names of a majority, but the Court
is confined to the determination of this point alone.   If
the signatures are genuine, or properly authorized (which
facts the objects of the statute require to be taken as true,
*prima facie)* then, unless the Court should for good rea-
son permit them to be withdrawn, the only thing left for
the County Court is, to satisfy itself that the names con-
stitute a majority.   This, it must do by the best modes
fairly practical.   It is not expected of the Court to order
a local census.   Much, in the nature of things, must be
left to the discretion and judgment of the County Court.
Counter petitions and remonstrances, signed by even the
same parties, need not, of couse, prevail over the petition.
It the original signatures were obtained intelligently and
without fraud, and have not been erased before presenta-
tion, or afterwards by leave of the Court, they fulfill the
requirements of the statute, and confer jurisdiction.
This is not a case where the statute provides for an issue
to be made by remonstrants, as in the case of annexation
of territory to towns, or the laying out of new roads.   The
General Assembly does not seem to have contemplated
that any citizen not already licensed, had such a vested
interest, in the matter of selling liquor near a church or
school, as required protection.   It is altogether *ex gratia*,
that the opponents of the petition were admitted to re-
sist it; although it is doubtless good practice, and facili-
tates the investigation of truth.

The County Court had orignal exclusive jurisdiction of
the subject matter, and was entrusted with the duty of
determining whether the conditions existed for the ex-

4 APPEAL:
Tried *de
novo.*

ercise of the power of prohibition. It held that they did not, because the township had declared by ballot at the general election in favor of license. This was erroneous and properly so held on appeal. It was then the duty of the Circuit Court, having possession of the case, to retain jurisdiction, and try the case *de novo*. *Dodson, et al. vs. Ft. Smith*, 33 *Ark.*, 508. In doing that the Circuit Judge assumed the place of the County Judge, and the course of proceedings should have been regulated accordingly.

No jury. It was not a case for a jury trial. There were no pleadings making issues, fit for a jury. There was simply an appeal to the County Court, by a portion of the citizens, asking a police regulation, which it was the duty of the Court to make, on being satisfied that such citizens constituted a majority of the adult inhabitants. The statute had prescribed no evidence to be used for that purpose, and without an actual census taken and proved by witnesses, the fact could not be proved, if adherence to the common law rules of evidence were required. There are no official records of the number of adult inhabitants within three miles of any spot. To require a count of noses would be absurd. Evidently the statute contemplated that the Judge should exercise his judgment in the matter, with the best aids, his own common sense might suggest, or which might be afforded him by persons admitted to intervene.

So with the Circuit Judge on appeal, with this qualification, that if the County Court had adjudicated upon the fact, *pro or con*, it would be the duty of the Circuit Judge to attach great weight to his decision, and sustain it, if not pretty clearly erroneous. See upon this point, the remarks of this Court in the case above cited.

To submit the matter to a jury was not strictly proper. It was triable by the Court most appropriately. If the

Williams v. Citizens, &c.

Court chose, with the assent, or request of the parties, to avail itself of the judgment of twelve men, empannelled as a jury, whilst we would reprobate the practice as improper, inconvenient and unduly expensive, we would not be critical as to the qualification of the jurors, or the technical nature of the evidence admitted to their consideration. That would be putting the exercise of a police regulation, affecting the vested rights of no one, upon the same footing with a contest between individuals regarding private, legal or equitable rights. The constitutional right of trial by jury, is confined to cases, which by course of common law, were properly so triable before. Section 4642 of Gantt's Digest, following a provision that issues of fact in proceedings at law for the recovery of money, or specific property, must be tried by jury, unless such trial be waived, enacts that "all *other* issues of facts whether arising in proceedings, at law or equitable proceedings, shall be tried by the Court, subject to its power to order any issue or issues to be tried by a jury." This is not intended to enlarge the province of jury trials, and make things triable by juries which never were before. It confers no new powers.

<span style="float:right">*Trial by jury not enlarged by the statute.*</span>

The final order of the Circuit Court, if otherwise proper, falls short in this; that it does not remand the case to the County Court with directions to make the the order its own. The administration of the license laws is entrusted to the County Court. That is the Court which is required to make the order, after which "it shall be unlawful for any person to vend, &c." To its records alone is any one directed to look for such prohibitory order.

<span style="float:right">*The judgment to be certified to County Court.*</span>

The proceedings have been erroneous and irregular from the beginning. The petition cannot be amended

with less trouble than to commence *de novo*, designating a particular church, if one order can be made to suffice for both, or if not, then by separate proceedings for each. To remand would be useless.

For error in the judgment of the Circuit Court, reverse the same, and dismiss the case.