## COLVIN *v.* FINCH.

### Opinion delivered April 22, 1905.

1. TRIAL—INTRODUCTION OF COPIES IN EVIDENCE.—Where certain signers to a petition for prohibition under the three-mile law, by permission of the court, made applications to have their names removed from the petition, the fact that the original applications were not introduced in evidence, and that copies of them were introduced after the cause was argued and submitted, was not a reason why

the court should not consider the applications, if the opposing petitioners do not show wherein they were prejudiced by the failure to introduce the originals before the arguments of counsel. (Page 158.)

2. LIQUORS—THREE-MILE LAW—WITHDRAWAL OF NAMES FROM PETITION.—Under the rule that names cannot, without permission of the court, be withdrawn from a petition to set in force the three-mile law after it has been presented, and only then for good cause shown, applications by signers to such a petition to withdraw their names therefrom because the signers "after mature deliberation" wish their names taken off, or because the signers have been misled, or because "unjust means have been used to secure signers," or because the signers were inclined to the belief that the matter was not fairly presented to them, are mere statements of opinion and general conclusions, and, unless aided by the proof, are insufficient. (Page 158.)

3. APPEAL—SUFFICIENCY OF TRANSCRIPT.—A transcript of the record entries and of the matters occurring at the trial will be treated as such, though it is designated a "bill of exceptions," as the law looks at the substance, and not the form. Page 159.)

Appeal from Perry Circuit Court.

ROBERT J. LEA, Judge.

Reversed.

STATEMENT BY THE COURT.

This appeal is from a judgment denying a petition for prohibition under the three-mile law. The petition was in due form, and had 337 signers. It was filed with the clerk of the county court December 31, 1904. On January 2, 1905, appellee was made a party to the proceeding, and through his counsel presented the applications of fifty-one of the signers to the petition asking to be allowed to withdraw their names.

These applications were as follows, which are designated 1, 2, 3, 4.

1. "We, the undersigned adult inhabitants, residing within three miles of the public school building in school district No. 43, in Perry County, Ark., and who have signed a petition asking your honor to make an order prohibiting the sale or giving away of vinous, spirituous or intoxicating liquors within three miles of said public school house, after mature deliberation, ask

your honor that our names be taken from said petition, and that they be not considered thereon.

2. "We, the undersigned, respectfully state and show to the court that our names appear upon a certain petition to prohibit the sale or giving away of ardent liquors within three miles of the district school house situated in the town of Perry, in said county. At the time the petition was presented to us we stated that we were in favor of license, and would sign a petition for license, and believed that we were signing for license; that we were misled, and now petition this honorable court to have our names removed and erased from said petition, and in duty bound will ever pray, etc.

3. "I most respectfully beg that my name be erased from the petition prohibiting the sale of intoxicating drinks within a radius of three miles from the public school house of Perry, Ark. The reason I ask this is because I believe unjust means have been used to secure signers to the aforesaid petition, and therefore pray that my name be removed from the petition.

4. "We would respectfully show to the court that heretofore we were induced by representations made to us to sign a petition to the honorable court to prohibit the sale or giving away of intoxicating liquors within three miles of said school house, but since signing said petition we are inclined to the belief that the matter was not fairly presented to us. We therefore desire that our names be withdrawn from said petition, and pray this honorable court that the same may be done."

On the 7th of January it was admitted in open court "that if said petitioners were present they would testify that they were induced to sign said petition by misrepresentations made to them, as set forth in their several petitions."

The "petitioners" referred to in this admission were those signing the applications for withdrawal.

The county court thereupon allowed the names of these fifty-one signers to be withdrawn from the petition. The county court also found that two persons had signed twice, and that there were three minors, and that eleven of the signers on the petition lived outside the three-mile limit, and therefore took from the petition

sixteen more names, making a total of sixty-seven names taken by the county court from the petition.

The number of adult inhabitants living in the three-mile limit, as claimed by the petitioners, was 585; a majority of these would be 293. The petition had 337 signers. So when the sixty-seven names were taken off, there remained 270 signers, or twenty-three less than a majority. The county court therefore refused the petition, and an appeal was taken to the circuit court. On the trial in the circuit court appellants proved the number of adult inhabitants in the district to be 584, and that the petition as signed contained at least 324 legitimate signers, including the fifty-one names which the county court had allowed to be withdrawn on their written application. The circuit court, over the objection of appellants, considered these written applications for withdrawal in evidence, and allowed these names to be withdrawn. This left the petition with 275 signers, according to the best showing made by appellees, and left appellants seventeen short of the necessary majority. The circuit court therefore dismissed the petition.

*Campbell & Stevenson,* for appellants.

The petition filed by appellants was sufficient. Kirby's Dig. § 5128; 73 Ark. 418. Upon appeal from the county court, the proceeding is tried *de novo* in the circuit court. Kirby's Dig. § 1492; 40 Ark. 296. The reasons given in the petitions for withdrawing names from original petition were insufficient. 70 Ark. 175; 51 Ark. 164; 40 Ark. 290; 51 Ark. 164; 56 Ark. 110.

*Sellers & Sellers,* for appellants.

The bill of exceptions was not filed in time. 5 Ark. 412; 75 Pac. 488; 78 Ind. 569; 82 Ind. 498; 87 Ind. 138. The circuit court properly decided the cause. 51 Ark. 165; 40 Ark. 296; 33 Ark. 508.

*Campbell & Stevenson,* for appellants in reply.

The bill of exceptions was filed in due time. 6 Ark. 226.

WOOD, J., (after stating the facts.) Appellants contend

that the applications for withdrawal should not have been considered by the circuit court because the originals were not introduced in evidence, and because the copies were not introduced until after the cause was argued and submitted to the court for decision. This objection is more technical than substantial. The originals had been filed. Appellants had been apprised of their contents. They were not misled by the contents of the written applications. The applications were papers in the case, having been filed by permission of the court, and no possible prejudice resulted to appellants by reading copies, instead of the originals; and while the rules of orderly procedure would have been better observed and subserved by introducing and reading the applications for withdrawal before the arguments of counsel, yet the matter was within the discretion of the court, and appellants have not shown wherein they were prejudiced, since they do not show that they requested and were refused permission to be heard by proof or argument upon the matters set up in these applications.

Appellants also contend that these applications should not be considered because they were not filed until January 2, 1905, whereas the petition was filed on December 31, 1904, two days before. This court said in *Bordwell* v. *Dills,* 70 Ark. 175: "If the original signatures were obtained intelligently and without fraud, and have not been erased before presentation, or afterwards by leave of the court, they fulfill the requirements of the statute." Here the applications for withdrawal were made to the court five days before it took up the petition for final consideration. They were in time.

Appellants further contend that the applications for withdrawal, when considered, do not contain sufficient reasons to justify the court in allowing the signers to withdraw their names. In this we are of the opinion that appellants are correct. This court said in *Bordwell* v. *Dills*: "In the absence of something in the statute permitting it, no individual signer, nor, indeed, all the signers, could thereafter withdraw their names from the petition without leave of the court. And the court should not grant such leave without good cause shown therefor. He who voluntarily sets on foot a proceeding for the enforcement of a salutary police regulation in any community should not be permitted to capriciously undo his work. He should not be allowed to play fast

and loose with the interests of society." In one application the signers "after mature deliberation" wish their names taken off. In another they say they have been misled," and in another that "unjust means were used to secure signers," and in another that "we are inclined to the belief that the matter was not fairly presented to us." These are all mere statements of opinion and general conclusion, with no specific reasons given therefor. Nor was there any proof taken to supply the general and defective statements. Clearly, the demands of the law as announced in *Bordwell* v. *Dills, supra,* and *Williams* v. *Citizens,* 40 Ark. 290, are not met by such indefinite and loose statements. While great weight is and should be given to the decision of the county courts in such matters, yet their discretion is not without limit, and must be founded upon some reason shown in the record and sustained by the law.

Appellee raises several objections to the form of the record, which we have carefully considered. While the transcript of the record is clumsily put together, and the whole is improperly designated a "bill of exceptions," nevertheless the thing itself, rather than the name and form, is considered. The record entries proper speak for themselves, and the matters occurring at the trial that do not appear of record are preserved. The whole is signed by the presiding judge, and otherwise duly authenticated by certificate of the clerk, and we have felt, notwithstanding irregularities in order or arrangement, that the transcript contains all the record entries and all the proceedings of the trial of this cause in the courts below. For the error indicated the judgment is reversed, and the cause is remanded with directions to the circuit court to enter an order and judgment granting the prayer of the petition, and to have its order and judgment certified to the county court to be entered upon its records as the order and judgment of said county court. The order will take effect from the date of the entry of the order in the circuit court.