[No. 1420.   August 31, 1911.]

TERRITORY OF NEW MEXICO, EX REL., J. W. STOCKARD, Appellee, v. THE MAYOR AND CITY COUNCIL OF ROSWELL, NEW MEXICO, Appellant.

### SYLLABUS (BY THE COURT).

1. The relator, and upwards of five hundred others, electors and residents of the City of Roswell, signed and presented to the Mayor and City Council of said city, a petition for an election to determine whether Roswell would establish the commission form of government, so called, under the provisions of Chapter 87, Acts of 1909, of the Assembly of New Mexico. The petition was referred to a committee of members of the council. Under the circumstances recited in the statement of the case, which follows: Held, that the withdrawals from the petition there described were effectual, and that the peremptory writ, which was granted pro forma, should have been refused.

Appeal from the District Court for Chaves County, before E. R. WRIGHT, Associate Justice. Pro forma judgment reversed and remanded.

H. M. Dow for Appellants.

Where a petition of a certain number of rate-payers or residents is required to initiate proceedings for a public purpose, any person signing the petition has the absolute right to withdraw his name at any time before the tribunal has finally acted. Dutton v. Hanover, 42 Ohio St. 215; Littell v. Vermillion County, 198 Ill. 205; La Londe v. Barron County, 80 Wis. 380; People ex rel. Wm. B. Irwin, et al. v. Sawyer, 52 N. Y. 296; Davis v. Henderson. 104 S. W. 1099, Ky.; Irwin v. Mobile, 57 Ala. 6; Theurer v.

Territory v. Roswell, 16 N. M. 340.

People, 211 Ill. 296; Kinsloe v. Pogue, 213 Ill. 302;
Mack v. Polcat Drainage District, 216 Ill. 56; Snedeker
v. Sims Special Drainage Dis., 24 Ill. App. 380; County
Court v. Pogue, 115 Ill. App. 399; State v. Eggleston, 34
Kas. 714; Eggleston v. State, 15 Pac. 608, Kas.; O'Neal
v. Minnery, 125 Ky. 571; Simpson v. Com., 97 S. W. 404,
Ky.; New Orleans v. Stewart, 18 La. Ann. 710; Slinger-
land v. Norton, 59 Minn. 351; State v. Geild, 66 Minn.
266; State v. Board,, etc., 73 N. W. 631, Minn.; Sedalia
v. Montgomery, 88 S. W. 1014, 127 S. W. 50, Mo.;
Perkins v. Henderson, 68 Miss. 631; Hoffman v. Nelson,
95 N. W. 347, Neb.; State v. Nemaha County, 4 N. W.
373, Neb.; ex rel Hetzel v. Boord & Co., 8 Nev. 309; Mat-
ter of Taxpayers, 38 How. Pr. 515, N. Y.; People v. Peck,
42 How. Pr. 425 N. Y.; People v. Henshaw, 61 Barb.
409, N. Y.; Springport v. Teutonia Sav. Bank, 84 N. Y.
403; People v. Hatch, 65 Barb. 430, N. Y.; Hays v. Jones,
27 Ohio St. 218; Grinnell v. Adams, 34 Ohio St. 44;
Dawson v. Barron, 9 Ohio Dec. 706; Webster v. Bridge-
water, 63 N. H. 296; State v. Polk Co., 88 Wis. 355; State
v. Seattle, 109 Pac. 309, Wash,; Parish v. Collins, 86
Pac. 557, Wash.; West v. Tolland, 25 Conn. 133; Green
v. Smith, 11 Ia. 183; Willing v. Rye, 99 N. W. 158,
Iowa; Black v. Campbell, 13 N. E. 409, Ind.; Hord v.
Elliott, 33 Ind. 220; Noble v. Vincennes, 42 Ind. 125;
Munson v. Blake, 101 Ind. 78; Ralston v. Beall, 30 N. E.
1095, Ind.; State ex rel. Andrews v. Boyden, et al., 21
S. Dak. 6; Misener v. Wainfleet Tp., 46 U. C. Q. B. 457,
Canada; Halliday v. Ottawa, 10 Ont. W. Rep. 46, Canada;
Stockyard v. Mullins, et al., in Fifth Judicial District,
N. M., opinion by Chief Justice W. H. Pope, January 13,
1911.

Committee of city council had power to investigate the
sufficiency of the signatures to the petition. Dutton v.
Hanover, 42 Ohio St. 215; La Londe, et al. v. Board of
Supervisors, 49 N. W. 960, Wis.; State ex rel. Hetzel v.
Board of Com., 8 Nev. 309; Parish v. Collins, 86 Pac.
557, Wash.; State v. Seattle, 109 Pac. 309, Wash.; Hays
et al. v. Jones, 27 Ohio St. 218; Eggleston v. State, 15
Pac. 608, Kas.; Sedalia v. Montgomery, 88 S. W. 1014,

127 S. W. 50, Mo.; Acts 38 Legislative Assembly, chap. 87, sec. 2.

DYE & DUNN and J. D. MELL for Appellees.

Petition for Commission Government.    Laws 1909, chap. 87, sec. 2.

Mandamus an appropriate remedy.    26 Cyc. 272, 489, 491; Village of Glencoe v. People, 78 Ill. 382; C. L. 1897, sec. 2768; 13 Enc. P. & P. 788; State v. Crites, 48 Ohio St. 173.

Inconsistent defenses.    Conklin v. Cunningham, 7 N. M. 127; 13 Enc. P. & P. 725; 31 Cyc. 78-80.

Petitioners should not be permitted to withdraw after petition is filed.    Fischer v. Board of Supervisors, 120 N. W. 13, Mich.; 28 Cyc. 163; Sedalia v. Montgomery, 127 S. W. 50, Mo.; Armstrong v. Ogden, 43 Pac. 119, Utah, affirmed, 168 U. S. 224; Court v. Pogue, 115 Ill. App. 399; Loomis v. Bailey, 45 Iowa 400; 120 N. W. 8, Mich.; Bordwell v. Dills, 70 Ark. 175; State v. Gerhardt, 145 Ind. 439; Carr v. Boone, 108 Ind. 241; Patterson v. Mead, 148 Mich. 659; Koerber v. Board of Supervisors, 120 N. W. 8; Williams v. Citizens, 40 Ark. 290; Mc-Cullough v. Blackwell, 51 Ark. 164; Wilson v. Thompson, 56 Ark. 110; Sutherland v. McKinney, 146 Ind. 611; Orcutt v. Reingardt, 46 N. J. L. 337; Grinnell v. Adams, 34 Ohio St. 44; 17 A. & E. Law N. ed. 248; Bordwell v. Dills, 66 S. W. 646, Ark.; Jersey City Brewing Co. v. Jersey City, 42 N. J. L. 575; Vanderbeck v. Jersey City, 44 N. J. L. 626; Roebeling v. Trenton, 58 N. J. L. 40; Bachman v. Philipsburg, 53 Atl. 620, N. J.; Seibert v. Lowell, 61 N. W. 197, Iowa; Richman v. Board, 70 Iowa 630; 77 Iowa 513; State v. Boyden, 15 A. & E. Ann. Cases, 1125; Sim v. Rosholt, 11 L. R. A., N. S., 372, in re Jones' Law Petition, 30 Ohio C. C. Rep. 697, in re Central Drainage District, 113 N. W. 675, Wis.

Manner of withdrawal from petition.    State v. Boyden, 15 A. & E. Ann. Cas. 1126; Hayes v. Jones, 27 Ohio St. 218; Dutton v. Hanover, 42 Ohio St. 215; Slingerland v. Norton, 61 N. W. 322, Minn.; State v. Geib, 68 N. W.

1081, Minn.; Bordwell v. Dills, 66 S. W. 646, Ark.; State v. Gerhardt, 44 N. E. 469, Ind.; Pavey v. Braddock, 84 N. E. 5, Ind.; Loomis v. Bailey, 45 Iowa 400; Willing v. Rye, 99 N. W. 158, Iowa; Green v. Smith, 82 N. W. 448; Sedalia v. Montgomery, 127 S. W. 50, Mo.; Koerber v. Board of Suprs., 120 N. W. 8, Mich.; Bachman v. Phillipsburg, 53 Atl. 620, N. J.; Sim v. Rosholt, 11 L. R. A., N. S. 372, N. Dak.; in re Jones Law Petition, 30 Ohio C. C. Rep. 697; Newton v. Emporium, 73 Atl. 984, Pa.; Armstrong v. Ogden, 43 Pac. 119, Utah, 168 U. S. 224; State v. Seattle, 109 Pac. 309, Wash.; in re Central Drainage District, 113 N. W. 675, Wis.; Littell v. Vermillion County, 198 Ill. 205; La Londe v. Barron County, 80 Wis. 380; People v. Sawyer, 52. N. Y. 296; Davis v. Henderson, 104 S. W. 1009, Ky.

Notice of withdrawal of name from petition. Newton v. Emporium, 73 Atl. 984, Pa.

### STATEMENT OF THE CASE.

The respondents, here the appellants, were, on the 2nd day of May, 1911, and still are, the mayor and city council of the city of Roswell, and constituted the governing body of that city under the laws of New Mexico. At a regular meeting of said body, held on May 2, 1911, a petition for an election on the commission form of government, under chapter 87, Acts of 1909, of the Assembly of New Mexico, purporting to bear the signatures of 584 residents and electors of the city of Roswell, was presented, and was immediately referred to a committee of three members of the council, with instructions to investigate and report on the sufficiency of the petition. At the next regular meeting of the mayor and council, held June 9, 1911, the committee reported that, "after disregarding as signers the names of such persons as have petitioned for leave to withdraw, and names of persons not electors, residents of the city of Roswell, we find * * * that said 'Petition for Election' does not contain names of the requisite number of electors, residents of the city of Roswell, as required by law, and it is therefore insufficient to warrant the calling of an election pursuant thereto, and

so accordingly recommended that the same be denied. * * * *" The committee's report was accepted and approved, and the petition, in effect, denied. On June 13, 1911, a petition for mandamus was filed in the district court of Chaves county, to require the mayor and city council to call an election as prayed for in said petition, or show cause why they had not done so, and an alternative writ of mandamus was issued accordingly, to which the respondents duly made a return. The relator thereupon moved for a peremptory writ of mandamus, on grounds set out in the motion, and which, so far as necessary, are stated in the opinion. This motion was, by agreement, heard by the judge of the Sixth District, and by him sustained, pro forma, and a peremptory writ awarded, from which action the respondent appealed to this court.

## OPINION OF THE COURT.

ABBOTT, J.—(After stating the facts as above.) In the brief for the relator, it is claimed that in the return of the respondents to the alternative writ inconsistent defenses were set up, and that therefore the peremptory writ was properly awarded. In the relator's motion to award the peremptory writ, that ground is not specified, and it is not therefore a question which was decided by the trial court, and is not here for review.

There remain but two questions between the parties for determination by this court, or one question with two branches, namely, whether an elector who signed the petition in question, and whose signature was on it when it was received by the mayor and council, had the right afterwards to withdraw from the petition, or, as stated in the briefs, "withdraw his name," so as to prevent it from being counted to make up the number requisite, by section 2 of the act referred to, to secure the calling of an election; and whether, if such a right exists, effectual withdrawals were made in this instance.

As to the latter branch of the question, it is contended that the committee to which the petition was referred had no power to accept or make such withdrawals. Undoubtedly it had not the power to accept withdrawals as a finality,

and it did not apparently attempt that, as the report does not state that leave to withdraw had been granted, or that the names of persons not electors had been stricken out, but, in effect, recommended that the mayor and council "disregard" such names and deny the petition. While the report does not recite that those names were presented with it to the mayor and council, it woud seem that such must have been the case, since the names of both classes are fully set forth in the return to the alternative writ of mandamus. It is true that in the return it is, in substance, stated, that the signatures "were withdrawn by the committee at the request and upon the order and authority of the persons so withdrawing," but that is more than the report itself states, and, taking the two together, the meaning appears to be that those persons had authorized the withdrawal of their names, and that by their report the committee undertook to execute that power. We are of the opinion that by the acceptance and adoption of the report it became the action of the mayor and council in all respects as fully as if they had acted without the help of a committee of their members. In the Minnesota cases cited for the appellee, the petition was in the hands of an independent officer when the withdrawals were attempted, and not, as in this case, in the hands of a committee, which was but an instrument of the mayor and council.

That brings us to the question when the right of withdrawal from such a petition expires. The appellee's contention is that it ends when jurisdiction of the petition is obtained by the body to which the law requires its presentation; the appellants', that it continues until final action on it by that body. In support of the former view, the attention of the court is called to what is termed the "imperative" nature of the statute, which provides that "upon a petition of not less than five hundred electors, residents of the city or town * * * the mayor shall, by proclamation, submit the question," etc. There was, counsel for the appellee say, such a petition submitted to the mayor and city council of Roswell, and it thereupon became the duty of the mayor to make proclamation under

the statute. It finally appeared, according to the return of the respondents, and counsel for the appellee concede, that of the 584 signers of the petition, whose names it bore when presented, 58 were not qualified to petition under the statute. But how would it be known by the mayor and council in advance of investigation that the number would not be as much as 85, which would have reduced the number of qualified signers below 500? And, obviously, the only practicable way to ascertain whether each of 584 signers was a resident elector of Roswell was through a committee, or some other person or persons acting for the mayor and council. However done, the work would require time; and in the time taken by the committee which in the present instance made the investigation, and which cannot be said to have been unreasonably long, 87 of the signers withdrew from the petition, if they had the power so to do.

Various objections against the validity of their action are urged in behalf of the appellee. It is said, for instance, that the right to withdraw under such circumstances would, in its exercise, be subject to great abuses. That is no doubt true; but it is probably true of all human devices for government which ever have been or ever will be put in operation. It is true of the right of petition itself, as it is a matter of common knowledge that people will sign petitions from caprice, good nature, thoughtlessness, malice, fear of injurious consequences to themselves if they refuse, expectation of favor or reward if they consent, as well as from more exalted and patriotic motives. Often they "sign in haste and repent at leisure." That may have been the case with the 87 who signified their desire to withdraw from the petition in question. The government of cities by commission is comparatively new. While it may be an improvement on previous systems, it cannot, in the very nature of things, prove to be a panacea for all the ills which affect the administration of municipal affairs through the country. It will doubtless have defects peculiar to itself, and, indeed, it is claimed that such defects are already apparent. It may be that information of such defects, real or supposed, had

come to some or all of the 87 who, at first, petitioned for the submission to vote in Roswell of the commission plan of government.   At all events, they had, before the petition came up for final action by the mayor and council, ceased to be petitioners in the sense that they still desired the action for which they had asked.   Their signatures were still there, but the will to petition had departed from them.   On what ground or principle of which courts can take cognizance can withdrawal be denied them?   The relator does not in this case allege that he has suffered damage or injury of which any recognized measure exists.   He must, and as we understand does, rest his cause on the ground of public policy.   But the public is not complaining.   The Territory is only a nominal party. The legislature, which represented the public, could have limited the effect of withdrawal if it had seen fit to do so, in the statute authorizing the petition for an election.

We think the petitioners had the right to withdraw, at least up to the time when the mayor and council acted on the report of the committee.   And this conclusion, which seems to us the reasonable and just one, we think has also the better foundation in the authority of decided cases.   As the case usually is, on a question reasonably open to debate, there are decisions by the courts of last resort of high standing on each side, and the research of counsel has brought to light and they have marshaled in their respective briefs, formidable arrays of opposing authorities.   As counsel suggests, there are practically insuperable difficulties in the way of complete examination and comparison of them.   In the first place, the petitions considered relate to many widely varying subjects, such as drainage, the sale of intoxicating liquor, the removal of county-seats, opening of highways, municipal contributions for building railroads, etc.   In some of them it appears that the right of withdrawal is regulated by statute, which is not the case here. Many of them are based on statutes which are not accessible here.   Some of them show that expense had been incurred, or rights had accrued through the signing of the petitions involved, and the petitioners were held to what they had done, on grounds

comparable to those which underlie equitable estoppel. Some of the cases which are most analagous to the one at bar, and which we think best sustain the view we adopt, are: People v. Sawyer, 52 N. Y. 296; Dutton v. Hanover, 42 Ohio St. 215; LaLonde v. Barron County, 80 Wis. 380; Davis v. Henderson, 127 Ky. 13, 104 S. W. 1009; Littlell v. Vermillion County, 198 Ill. 205; 65 N. E. 78. In the last named case, the court said: "Each petitioner acts upon his own responsibility, and if he should change his mind on the question of whether a new township would better serve the convenience of the inhabitants residing therein, or if he should be induced to sign under a misapprehension or through undue influence, he ought to have the right to correct his mistake, if he does so before the rights of others have attached by the final action on the part of the board. It may be, as suggested by counsel for appellants, that vacillating or designing parties will abuse that privilege; but courts are powerless to prevent in every case such abuses. * * * To absolutely prohibit a citizen from withdrawing his name from a petition voluntarily signed by him, at any time after it has been presented to a body authorized to act upon it, would be a harsh and unreasonable rule and also liable to work great hardship. Generally, parties act from honest motives, and it is for the protection of the rights of such parties that laws are enacted and construed."

The peremptory writ of mandamus, which was granted pro forma should be refused, and the judgment of the District Court is accordingly reversed, and the cause remanded.

We dissent: Merritt C. Mechem and E. R. Wright, J. J.