RURAL SPECIAL SCHOOL DISTRICTS NOS. 24 AND 63 *v.* HAT-FIELD SPECIAL SCHOOL DISTRICT NO. 22.

Opinion delivered February 15, 1932.

430

*Lake, Lake & Carlton,* for appellant.
*Byron Goodson,* for appellee.

KIRBY, J., (after stating the facts). It is contended for reversal that a majority of the electors did not sign the petition and that their status became fixed upon the

filing of the first petitions, the giving of notice, etc., and that the court erred in not permitting the remonstrants' names to be stricken from the petitions, and in counting the names of certain petitioners which had been signed by other parties.

The statutes require the giving of notice of a proposed change in a school district, and provide the authority for the creation of new districts or change of boundaries of districts and the procedure therefor. Section 8821, Crawford & Moses' Digest, and § 8823, Crawford & Moses' Digest, as amended by Acts 1927, No. 145; *Consolidated School District No. 2* v. *Special School Dist. No. 19,* 179 Ark. 822, 18 S. W. (2d) 349.

Notice is required to be given by posting up handbills in four or more conspicuous places in each district to be affected, one of the notices to be placed on the public school buildings in each district, and all of same to be posted 30 days before the convening of the board to which the petition is to be presented, all containing a geographical description of the proposed change. The giving of the notice prescribed by statute is a prerequisite to the exercise of the jurisdiction of the county board, which cannot be waived being required for the benefit of the landowners as well as the electors. *Lewis* v. *Young,* 116 Ark. 291, 171 S. W. 1197; *Mitchell* v. *Directors of School District No. 13,* 153 Ark. 50, 239 S. W. 371; *Acree* v. *Patterson,* 153 Ark. 191, 240 S. W. 33.

Notice is only required to be given in accordance with the statute 30 days before the convening of the board to which it is proposed to present the petition for a change in the school district or its boundaries, and it makes no difference, if it were true even, that one or two parts of the identical petition were filed with the board after the principal petition was lodged there, since they were all signed before the date fixed in the notice for hearing of the petition, and the fact that there were several petitions identical in form, except as to signature, filed at different times, "did not change the prayer or

lessen the number of petitions." They were evidently intended to be used as one, entitled to be considered as such, and were in fact only one petition. *Bridewell* v. *Ward,* 72 Ark. 187, 79 S. W. 762; *Priest* v. *Moore,* 183 Ark. 1002, 39 S. W. (2d) 710.

After the petitions were filed, the names of the petitioners could not be withdrawn merely upon request of the signers, but only upon showing that the signature had been procured by some improper method deceiving the signer, in effect by a fraud perpetrated upon him. *Nathan Special School Dist. No. 4* v. *Bullock Springs Special School Dist. No. 36,* 183 Ark. 710, 38 S. W. (2d) 19. There is no evidence in the record showing that any of the petitions for creation of the new school district was signed subsequent to the filing of the petitions by the remonstrants, and no error was committed in refusing to allow such names to be withdrawn.

It is also insisted that the court erred in allowing the names of certain petitioners signed by others than themselves counted as valid upon the petitions for the change and creation of the new district. Only seven names not previously authorized to be signed were counted on the petition, and each of the seven, with the exception of Schultz, testified that he had information that his name was signed to the petition for consolidation prior to the time of the hearing by the county board, and all appeared in the circuit court and testified that they each had ratified the action of the agent in signing their names to the petition and did not wish to withdraw them. These names were signed either by the husband for the wife or by the wife for the husband, and in one instance by a mother for her daughter, who was away at the time, and the undisputed testimony shows that some of these parties had informed their husbands or wives that they were in favor of the petition and asked that their names be signed by them accordingly in case they were not present when said petition was submitted; and all testified that they had been immediately informed that their

names had been signed to the petition and that they ratified such action and made no effort to withdraw their names and were in favor of the consolidation of the districts. The court therefore did not err in holding that these were valid signatures and could not be withdrawn, even by the persons whose names had been signed, as a matter of right without a proper showing first made.

It is doubtful any way whether any one but the persons whose names were so signed could challenge the validity of the signatures, and, even though all seven names were considered withdrawn, it would have left the petition still signed by a majority of the qualified electors of the territory affected; and, if an error was committed in holding the signatures valid, it was harmless.

We find no error in the record, and the judgment must be affirmed. It is so ordered.