WALTON v. RUCKER.

4-4552

Opinion delivered October 26, 1936.

*McDaniel, McCray & Crow*, for appellant.

*Kenneth C. Coffelt* and *Ernest Briner*, for appellee.

Butler, J. Appellant and appellee were candidates for the office of sheriff and collector of Saline county at the primary election held August 11, 1936. A certificate of nomination was issued to appellee and on August 22, 1936, after the certificate of nomination was issued, appellant filed his complaint in the circuit court of Saline county contesting the certificate of nomination on the ground that the appellee did not receive a majority of the legal votes in said primary. This complaint was verified in accordance with the statute by more than ten persons purporting to be qualified to make the affidavit. The complaint, with the supporting affidavit, was filed in the office of the clerk of the circuit court on August 22, 1936.

On August 31, 1936, the appellee filed his motion to quash service of summons and the return thereof. On September 7, following, the appellee filed a demurrer to the complaint and also, in a separate pleading, a motion to make the complaint more definite and certain. On the said September 7, 1936, nine of the persons who signed the affidavit attached to the complaint, filed their written motion requesting that their names be stricken from the affidavit. On the same date appellee filed his motion to dismiss the complaint on the ground that the complaint was not supported by the affidavit of ten qualified electors and that the affidavit had been obtained by misrepresentation, fraud and deceit. On September 21, 1936, the court made an order reciting that the cause was presented on motion to quash service of summons, motion to withdraw certain names from the affidavit, demurrer and motion to make more definite and certain. The motion to quash service was overruled and the motion of the nine persons, signers of the supporting affidavit to the complaint, that their names be stricken from the

same sustained. The court found that after these names were stricken from the affidavit, less than ten qualified voters remained signatory to the affidavit, and thereupon dismissed the complaint. Objections and exceptions were properly saved to the action of the court and preserved in motion for a new trial filed in apt time. The motion for a new trial was overruled and this appeal followed.

The trial court did not rule on the demurrer or motion to make more specific and certain. Therefore, the sole question we can properly consider is the action of the court in permitting the withdrawal of the names from the supporting affidavit, which, after careful consideration, we have concluded was error on the part of the learned trial judge. This action appears to have been based upon the theory that the affiants were entitled to control the course of the litigation by an action tantamount to a nonsuit or dismissal, because it was by reason of their signatures to the affidavit that the court acquired jurisdiction to hear and determine the contest. This theory seems to be grounded on the provisions of § 1262, Crawford & Moses' Digest, authorizing a plaintiff to nonsuit or dismiss a complaint and the declaration made in the case of *Terry* v. *Harris,* 188 Ark. 173, 64 S. W. (2d) 324, to the effect that by signing the affidavit the affiants made themselves parties to the litigation. These authorities give no support to the conclusion reached by the court below. The right to dismiss an action rests only with the "plaintiff." In *Terry* v. *Harris, supra,* it was held that by signing the affidavit required in an election contest and alleging their eligibility to sign the same, the affiants became parties to the action to the extent that it constituted a waiver of a privilege of having their ballots kept secret where inquiry was made as to their eligibility. There was no intimation given in that decision that the affiants were clothed with the power conferred on the plaintiff to nonsuit or dismiss. Although the affiants became parties to the action by their act of signing the affidavit they became, in no sense, parties "plaintiff." A plaintiff is such an one as has

and asserts a cause of action against another. The right of action to contest the result of a primary election as certified by the election authorities given by § 3772, Crawford & Moses' Digest, is to an unsuccessful candidate who feels aggrieved and who desires to contest the nomination of his opponent. The further provision requiring the affidavit of ten citizens confers no cause of action upon them, but is merely a prerequisite to the filing of a complaint, and serves to confer upon the court the jurisdiction to hear and determine the contest.

In further justification of the action of the court in dismissing appellant's complaint, our attention is called to the fact that he did not offer testimony tending to establish the genuineness of the signatures of the affiants or their eligibility to sign the affidavit. This contention is without merit, and obviously so, for the reason that no question was raised regarding the genuineness of the signatures of the affiants or their eligibility challenged.

It will be observed that the request by the affiants to have their names withdrawn was not made until after the expiration of the ten day limit in which an election contest may be instituted, and after the affidavit had been filed. If the affiants to the affidavit might then withdraw their names it would serve to make impossible the hearing of plaintiff's contest, however meritorious that might be. To allow this would be palpably unjust where no fraud or misrepresentation has been shown in the procurement of their signatures.

Under statutes providing that county courts may make an order prohibiting the sale of intoxicating liquors within three miles of a church or school upon the filing of a petition signed by a majority of the citizens in the territory affected asking that such order be made, in *Williams* v. *Citizens*, 40 Ark. 290, it was held that the petition with the required number of signatures was necessary to give the court jurisdiction. This was the view also in other cases subsequently decided by this court in passing upon the questions arising in cases where the three mile statute was sought to be put in force.

Likewise, in petitions for orders to create school districts or change the boundaries already existing, or where districts were sought to be consolidated, it was held by this court that the petition required by the statute containing the proper number of signatures of persons eligible to sign the same and notice thereof was a prerequisite to the making of the order and served to give the court, or other tribunal, to which the question was presented jurisdiction to hear and determine the same. So in the case at bar, it is the complaint accompanied by the supporting affidavit, which confers upon the court the jurisdiction to hear election contests.

In *Bordwell* v. *Dills,* 70 Ark. 175, 66 S. W. 646, a case arising under the three-mile statute, certain signers of the petition praying for an order prohibiting the sale of liquor in a given territory sought to withdraw their names from the petition. It was contended that they had the right to do this before the final order of the court without assigning any reason therefor except a change of mind. In holding against that contention, we said: "Before the filing with the clerk, where petitioners adopt that method of presentation to the judge, the petition is in the power of the signers. Each signer may control his signature. It is not yet a petition in which the public is interested. The matter is as yet *in fieri,* so to speak. But when the petition has been filed with the county court, it has been then delivered, presented to the court, made a court record. The public has now become interested in it. The jurisdiction of the subject-matter has now attached. In the absence of something in the statute permitting it, no individual signer, nor, indeed, all the signers, could thereafter withdraw or erase their names from the petition without leave of the court. And the court should not grant such leave without some good cause shown therefor. * * *." The rule stated was that formerly declared by the court in *Williams* v. *Citizens, supra,* and *McCullough* v. *Blackwell,* 51 Ark. 159, 10 S. W. 259. See also *Colvin* v. *Finch,* 75 Ark. 154, 87 S. W. 443; *Bailey* v. *West,* 104 Ark. 432, 149 S. W. 511.

In *Nathan Special School District* v. *Bullock Special School District,* 183 Ark. 706, 38 S. W. (2d) 19, signers of a petition for the consolidation of the two districts requested names stricken from the petition. The correctness of the court's ruling in refusing this request was one of the points arising in the case on appeal. In passing on that question, we said: "We deem it proper in this connection to say that the action of the trial court in refusing to allow certain signers of the consolidation petition to have their names removed from the petition was correct. The petition had already been filed and something more than a mere change of mind would be necessary before they would be permitted to withdraw their names. Before the filing of a petition, a signer would be privileged to have his name taken from the petition as a matter of right, but after the filing of the petition this could be done only where the signature had been procured by some improper method by which the signer was deceived and a fraud perpetrated upon him." This rule was expressly approved in *Milsap* v. *Holland,* 184 Ark. 996, 44 S. W. (2d) 662, and in *Rural Special School Districts, etc.* v. *Hatfield, etc.,* 185 Ark. 429, 47 S. W. (2d) 790.

We have not been advised of any provision in the statutes for the institution and determination of election contests permitting a signer of the supporting affidavit to withdraw or erase his name from the petition with or without the leave of the court, and, in the absence of any such permission, we perceive no sound reason for not applying the same rule in cases of election contests as was declared in the cases above named.

We refrain from commenting on other questions which the record suggests for the reason, as first stated, that we cannot properly do so. The judgment of the trial court is reversed, and the cause remanded for further proceedings according to law, and not inconsistent with this opinion.