[No. 2263, Feb. 28, 1919.]

## IN RE BERNALILLO COUNTY DRAINAGE DISTRICT NO. 1.

### SYLLABUS BY THE COURT.

Where a petition of a prescribed number of real estate owners is required to initiate proceedings for the formation of a drainage district, any person signing the petition has the right to withdraw his name at any time before the district court, it being the agency created by law to determine the matter submitted by the petition, has finally acted upon the petition, and has determined that the petition is signed by the number required to create the drainage district.

Appeal from District Court, Bernalillo County; Raynolds, Judge.

Petition by A. B. Stroup and others for the creation of Bernalillo County Drainage District No. 1. From the overruling of a motion to strike from the answer and remonstrance that part thereof praying that certain names be withdrawn from the affirmative petition, and dismissing the petition, A. B. Stroup and others appeal. Affirmed.

A. B. STROUP, of Albuquerque, for appellants.

R. P. BARNES, of Albuquerque, for appellee.

### OPINION OF THE COURT.

ROBERTS, J. This appeal was prosecuted from a judgment of the district court of Bernalillo county by

A. B. Stroup, one of the petitioners in the above-entitled matter, for himself and certain other petitioners. The district court overruled a motion to strike from the answer and remonstrance that part of said answer and remonstrance praying that certain names might be withdrawn from the affirmative petition, and holding that the withdrawal of said names was lawful, and thereupon dismissing the petition praying for the creation of Bernalillo County Drainage District No. 1, and giving judgment for costs against the petitioner.

The matter is presented here upon a stipulation of fact, approved by the trial court. The stipulation shows that on the 8th day of February, 1918, there was filed in the district court of Bernalillo county a petition praying for the formation of a drainage district within such county, to be known as ''Bernalillo County Drainage District No. 1.'' The petition conformed with the requirements of law in its form and matter. At the time it was filed it was signed by 326 reputed owners of land within said drainage district, and showed that the total number of real estate owners therein was 578; that the 326 petitioners owned more than one-third of the area of the proposed drainage district. In other words, the petition was in all things in conformity with section 1877, Code 1915. Notice was given as required by section 1880, Code 1915. On the date fixed for the hearing a remonstrance was filed, signed by 488 persons, 141 of whom had signed the affirmative petition, and these 141 prayed that their names might be withdrawn from the affirmative petition, and that they might be no longer considered as being in favor of the formation of the proposed Bernalillo County Drainage District No. 1. The court held that it was lawful for the 141 property owners to withdraw their names from the affirmative petition, and thus reduce the number of signatures to less than one-half of the property owners within said district, and dismissed the petition, and gave judgment against the petitioners for costs.

The single question involved in the appeal is as to

whether or not it was lawful for the petitioners to withdraw their signatures from the drainage petition at the time and in the manner stated. Section 1877, supra, provides for the petition and the number of landowners required to initiate proceedings, and that such petition shall be filed in the district court of the county in which the lands, or any part of them, shall lie. Section 1880, supra, provides that, when such petition has been filed, the court or judge shall make an order fixing a time and place for the hearing thereon and ordering notice and further provides for the manner of service of the notice. Sections 1887 and 1888 are as follows:

"Sec. 1887. On the day fixed for hearing on such petition all parties owning lands, or any interests or easements in land, within said proposed district, or who would be affected thereby, may appear and contest.

"1. The sufficiency of the petition.

"2. The sufficiency of the signers of the petition.

"3. The sufficiency of the notice.

"4. The constitutionality of the law, and

"5. The jurisdiction of the court, specifying their objections to such jurisdiction; and the petitioners and contestants may, on the trial day offer any competent evidence in regard thereto. All notices of contest shall be in writing and shall clearly specify the grounds of contest.

"Sec. 1888. The court shall hear and determine whether or not the petition contains the signatures of a majority of the adult owners of lands within the said proposed district who are of lawful age, and who represent one-third in area of the lands proposed to be affected by said work (or the signatures of the adult owners of more than one-half of such lands), and shall determine all questions of law arising on said contest. The district court in which such petition shall be filed, or the judge thereof may adjourn the hearing on said petition from time to time for want of sufficient notice, or to give time to prepare for trial, or for other good cause."

It will be observed that the statute is silent upon the question as to the right of the petitioners to withdraw their names from the petition. Appellants concede the right of a petitioner to withdraw his name from a petition before jurisdiction has attached, but they contend that jurisdiction of the district court to proceed with the

formation of the district in question existed upon the filing of the initial petition referred to. We cannot agree with this contention. The court, upon the filing of the petition and the service of the notice and proof of such service, had jurisdiction to proceed with the determination of the question as to the sufficiency of the petition and whether the improvement was desired and petitioned for by the requisite number of qualified petitioners. It had no jurisdiction to proceed with the formation and creation of the improvement district until it had determined these jurisdictional questions.

As stated by the appellant, all the authorities concede that a petitioner who signs a statutory petition for the creation of a drainage district, or other similar petition invoking governmental action, judicial or administrative, has a right, at certain stages of the proceedings, to withdraw his name from the petition. Some courts hold that he may only withdraw prior to the time that the petition is filed with the board or agency provided and authorized to act upon a particular petition being filed. Other courts hold that the petitioner has the absolute right to withdraw his name at any time before the tribunal created by law to determine the matter submitted by the petition has finally acted. The territorial Supreme Court, in the case of Territory ex rel. Stockard v. Veal, Mayor, etc., 16 N. M. 340, 117 Pac. 846, 35 L. R. A. (N. S.) 1113, adopted the latter rule. In that case a petition was filed by the required number of inhabitants of the city of Roswell to initiate proceedings for the adoption of a commission form of government. The law required the petition to be presented to the city council and the council was authorized to determine whether or not the petition had been signed by the required number of electors. After the filing of the petition, and while a committee appointed by the council was investigating the validity of the signatures, and before the council had finally acted upon the matter, a sufficient number of electors had filed with the council a petition praying that their names might be withdrawn from the original petition. The court held that the council properly refused to count the petitioners so with-

drawing. The same principle is applicable to the present case and is controlling, if that decision is to be adhered to. In case notes following the cases of Stockard v. Veal, supra, Sim v. Rosholt, 11 L. R. A. (N. S.) 372, and State v. Boyden, 15 Ann. Cas. 1122, will be found collected many cases on the question. In the case of Mack v. Polecat Drainage District, 216 Ill. 56, 74 N. E. 691, an identical question was presented to the Supreme Court of Illinois under a similar statute, and the court there held that persons who had signed the petition had a right to withdraw their signatures before the final action of the court determining the sufficiency of the petition. As the authorities are divided, and the rule has been established in this jurisdiction by the case referred to, we see no reason for departing therefrom.

The question as to whether the district court properly taxed the costs against all the petitioners is not here for consideration as no motion was made in the trial court for a different order. The case of Cash v. Kruschke, 134 Wis. 130, 113 N. W. 675, is seemingly authority for the proposition that the costs should be taxed against the withdrawing petitioners.

For the reasons stated, the judgment of the district court will be affirmed, and it is so ordered.

PARKER, C. J., concurs.

RAYNOLDS, J., having heard the case in the district court, did not participate in this opinion.