659 P.2d 900

**Adam MONTOYA and John Dalton, Petitioners-Appellants,**

v.

**Joe LOPEZ and Committees for the Recall of Adam Montoya and John Dalton, Respondents-Appellees.**

**No. 14441.**

Supreme Court of New Mexico.

March 7, 1983.

Roth, Van Amberg & Gross, Ronald J. Van Amberg, Santa Fe, for petitioners-appellants.

Simons, Cuddy & Friedman, C. Emery Cuddy, Jr., Santa Fe, for respondent-appellee Lopez.

Marron, McKinnon & Ewing, Dan A. McKinnon, III, Albuquerque, for respondent-appellee Committees for the Recall of Adam Montoya and John Dalton.

## OPINION

FEDERICI, Justice.

Petitioners-appellants (petitioners) challenged the validity of school board recall petitions initiated by respondents-appellees (respondents) pursuant to Section 22–7–12, N.M.S.A.1978 (Repl.Pamp.1981). The cause was heard in the District Court of Sandoval County. Judgment was entered by the trial court affirming the validity of the recall petitions. We affirm the judgment of the trial court.

Petitioners Adam Montoya and John Dalton were members of the Board of Education of the Cuba Independent School District. They contend that petitions circulated by respondents, Joe Lopez and the committees for the recall of Adam Montoya and John Dalton, were defective to the extent that they would not support a recall election. Section 22–7–7(A), N.M.S.A.1978 (Repl.Pamp.1981) requires that each recall petition be accompanied by a notarized affidavit stating that the canvasser is a registered voter in the district, and that the canvasser has circulated the petition and witnessed all of the signatures. Reasonably construed, the statute requires that the affidavit be signed after the signatures have been gathered. Here, the canvassers signed the affidavits prior to obtaining signatures, in the mistaken belief that this was necessary before the circulation of the petitions could begin.

Petitioners' challenge was filed seven days before the date of the recall election. However, the matter was not heard until three days after the election, in which voters had recalled petitioners from their positions on the school board. The trial court found that the affidavits were signed prematurely. Notwithstanding this irregularity, the court concluded that there had been substantial compliance with the statutory requirements and, therefore, the election was valid. We affirm.

The single issue presented on appeal is whether the premature signature of the affidavits invalidated the petitions or the results of the recall election.

Sections 22–7–1 through 22–7–16, N.M.S. A.1978 (Repl.Pamp.1981), the "Local School Board Member Recall Act," set forth the procedures to be followed in recalling a school board member. Under Section 22–7–6, the recall procedure is initiated by the circulation of a petition in accordance with the form set forth in the statute. The petitions are circulated by canvassers who are required by Section 22–7–7 to attach an affidavit to the petition.

A. When submitted to the superintendent, each petition shall have a notarized affidavit attached. The affidavit shall state that the canvasser is a registered voter of the district, and that the canvasser circulated that particular petition and witnessed each signer write his signature and any other information recorded thereon.

B. According to the best information and belief of the canvasser, the canvasser shall insure the following:

(1) each signature is the signature of the person whose name it purports to be;

(2) each signer is a registered voter of the county and school district listed on the petition;

(3) each signature was obtained on or after the date of initiation; and

(4) each signer had an opportunity to read the information on the completed face sheet or an exact duplicate thereof.

New Mexico courts are liberal in construing election related legislation where innocent voters stand to be disenfranchised due to mistakes made by election officials, absent fraud on the part of said officials. This position is illustrated by *Kiehne v. Atwood,* 93 N.M. 657, 664, 604 P.2d 123, 130 (1979), in which we stated:

This Court in *Bryan v. Barnett,* 35 N.M. 207, 292 P. 611 (1930) placed New Mexico on the liberal side by deciding that absentee voters, although required by the statute then in effect to sign their applications for ballots, did not lose their votes, in the absence of fraud, because the applications were signed by a person other than the voter. This court reasoned that the law favors the right to vote and seeks to give effect to the express will of the electorate.

*See Reese v. Dempsey,* 48 N.M. 485, 153 P.2d 127 (1944); *Valdez v. Herrera,* 48 N.M. 45, 145 P.2d 864 (1944). A *knowing* violation of the affidavit procedure exposes the canvasser to a fourth degree felony charge. § 22–7–7(C). However, no sanction is provided where an innocent mistake has occurred. In this case, the trial court specifically found no evidence of fraud in the circulation procedure; in addition, petitioners agreed that no fraud existed.

A clear expression of legislative intent is necessary before the courts will invalidate an election due to an irregularity in procedure. "[O]nly when the Legislature *expressly provides* that deviation from the prescribed procedure prevents the counting of the vote will the ballot be declared void." *Kiehne, supra,* 93 N.M. at 664, 604 P.2d at 130 (citing with approval *State ex rel. Read v. Crist,* 25 N.M. 175, 179 P. 629 (1919)).

Challenges to the authenticity of a recall petition are limited by Section 22–7–12 to the validity of the signatures on the petition, the superintendent's determination as to the minimum number of signatures, or the sufficiency of a charge of misconduct. The Legislature has provided under Section 22–7–10(E) that:

E. A signature shall be counted on a recall petition unless there is evidence presented that the person signing:

(1) is not a registered voter of the county and of the school district listed on the face sheet of the petition;

(2) has signed more than one recall petition for one named member or has signed one petition more than once; or

(3) is not the person whose name appears on the recall petition.

Neither of these sections refers to the sufficiency of the canvasser's affidavit. We decline to invalidate the results of the recall election in the absence of statutory language declaring that failure to execute the affidavit invalidates the recall process.

The purpose of the affidavit requirement is clearly to prevent the fraudulent circula-

450

tion and tender of recall petitions and preserve the purity of the election. The trial court found that there was no evidence of fraud; that the canvassers witnessed the signatures; that the signatures were those of the persons they purported to be that; each signer was a registered voter of the county and school district; and that each signer had an opportunity to read the petition before signing. None of these findings are challenged on appeal. There was substantial compliance with the statutory requirements and the purity of the election process was not thwarted. Appellants' challenge to the validity of the election is denied.

The judgment of trial court is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN, J., concur.