697 P.2d 935 (1985)
102 N.M. 516
STATE ex rel. CITIZENS FOR QUALITY EDUCATION, Hugh B. McKeen, Jr., and Hilda D. Kellar, Co-Chairpersons, Petitioners-Appellees,
v.
Peter S. Gallagher, Respondent-Appellant.
No. 15702.
Supreme Court of New Mexico.
March 27, 1985.
*936 Gary Jeffreys, Deming, for appellees.
Charlotte Hetherington, Simons, Cuddy & Friedman, Santa Fe, for appellant.

OPINION
RIORDAN, Justice.
Citizens for Quality Education (petitioners) brought action in district court for issuance of a writ of mandamus to compel Peter S. Gallagher (respondent), the superintendent of Catron County Independent School District No. 1 (school district), to initiate local school board member recall election proceedings pursuant to the Local School Board Member Recall Act (Recall Act), NMSA 1978, Sections 22-7-1 to 22-7-16 (Repl.Pamp. 1981). After a hearing, the district court issued a peremptory writ of mandamus. Respondent appeals. We affirm in part, reverse in part, and remand to the district court.
The issues on appeal are:
I. Whether the district court erred in refusing to recognize the right to remove one's signature from a petition at any time before final action is taken.
II. Whether the district court erred in holding that the signature provisions of the Recall Act are not mandatory.
From July 11, 1984 to October 5, 1984, petitioners and other qualified electors of the school district prepared and circulated petitions for recall of Nancy Robinson (Robinson), David Vackar (Vackar), and Glyn Griffin (Griffin) from the school district's board of education. The petitions specified the grounds upon which recall was demanded and were prepared and circulated in compliance with the Recall Act. According to Section 22-7-10(F), the number of votes needed to recall each of the members are: 220 to recall Robinson; 215 to recall Vackar; and 255 to recall Griffin. After collecting 311 signatures on each of the petitions to recall Robinson and Vackar and 304 signatures on the petition to recall Griffin, the petitions were presented to respondent, who in turn presented them to the Catron County Clerk (clerk) on October 5, 1984 for verification of the signatures pursuant to Section 22-7-9(C).
On October 12, 1984, the clerk returned the petitions to respondent, verifying the signatures and noting that three signatures on each of the petitions were not of qualified voters (two of the signers were deceased, and one was registered to vote in another school district). Between October 12 and 19, 1984, respondent received verified petitions from 82 qualified signers voluntarily requesting that respondent remove their names from the petitions to recall Robinson; verified petitions from 72 qualified signers voluntarily requesting removal of their names from the petitions to recall Vackar; and verified petitions from 73 qualified signers requesting removal of their names from the petitions to recall Griffin. In determining whether there were sufficient signatures to meet the minimum number required, respondent did not count those signers requesting the removal of their names. Citing failure to conform with Section 22-7-10, respondent also did not count 20 signatures from the petitions to recall Robinson, 26 signatures from the petitions to recall Vackar, and 28 signatures from the petitions to recall Griffin. On October 19, 1984, respondent determined that there remained insufficient qualified signatures on each of the petitions to initiate procedures for a special recall election. Respondent so notified petitioners by letter dated October 24, 1984.
On October 29, 1984, petitioners sought an alternative writ of mandamus from the district court. After a hearing on the writ, the district court ruled that petitions for name withdrawal received after the closure date (the date respondent received the petitions to recall, October 5, 1984) were untimely. The district court also ruled that the signatures which allegedly failed to *937 conform with Section 22-7-10 substantially complied with the Recall Act and should have been counted. Therefore, the district court found that there were sufficient qualified signatures to require a special election to recall Robinson, Vackar, and Griffin.

I. Right to Withdraw Signature.
On appeal, respondent claims that a signer has the right to withdraw his signature at any time before final action is taken. Respondent therefore argues that the district court erred in finding that petitions for withdrawal of signature received after the closure date were untimely. We agree.
This Court has established that the signer of a petition has the right to withdraw his name before the authority which determines the matter submitted on petition has taken final action. Crosthwait v. White, 55 N.M. 71, 226 P.2d 477 (1951); In re Bernalillo County Drainage District No. 1, 25 N.M. 171, 179 P. 233 (1919); Territory of New Mexico ex rel. Stockard v. Mayor and City Council, 16 N.M. 340, 117 P. 846 (1911).
In Crosthwait, signers of a petition seeking annexation to an adjoining county requested withdrawal of their names from the petition. This Court recognized the right to withdraw one's signature but determined that the names could not be withdrawn because the board of county commissioners had taken final action on the petition and ordered an election. 55 N.M. at 75, 226 P.2d at 480.
In re Bernalillo County Drainage District No. 1 involved a petition for creation of a drainage district. Appellants conceded the right to withdraw one's name before jurisdiction attached, but they argued that the district court's jurisdiction to proceed with the creation of the drainage district existed upon the filing of the petition. 25 N.M. at 173-74, 179 P. at 234. This Court rejected that argument and determined that upon filing of the petition, service of notice, and proof of such service, the district court had jurisdiction to determine "the sufficiency of the petition and whether the improvement was desired and petitioned for by the requisite number of qualified petitioners." Id. at 174, 179 P. at 234. However, until these questions were answered, this Court concluded that the district court did not have jurisdiction to proceed with the creation of the drainage district. Id. This Court therefore held that signers of the petition had the right to withdraw their names before these jurisdictional questions were answered and before the district court took final action thereon. Id. at 175, 179 P. at 235.
In Territory of New Mexico ex rel. Stockard, a petition was filed to commence proceedings for the adoption of a commission form of government. The petition was presented to the city council which was authorized to determine whether the petition had the requisite number of signatures. While a committee appointed by the city council was investigating the validity of the signatures, and before the city council had called an election, several signers petitioned the city council to have their names withdrawn from the petition to adopt a commission form of government. 16 N.M. at 343, 117 P. at 846. This Court held that the petitioners had the right to withdraw their names because final action (the calling of an election) had not been taken. Id. at 347, 117 P. at 848.
In the present case, respondent, the person authorized to determine the matter, turned the petitions for recall over to the clerk for verification. After receiving the clerk's certification of the signatures, but before taking final action (i.e., calling a special recall election), respondent received the name withdrawal petitions. Consequently, respondent's refusal to count the names of those persons who submitted name withdrawal petitions was proper. Crosthwait v. White; In re Bernalillo County Drainage District No. 1; Territory of New Mexico ex rel. Stockard.
Petitioners argue that Section 22-7-10(B) prohibits the withdrawal of signatures from a petition to recall. We disagree.
Section 22-7-10(B) provides:

*938 Signatures are valid for a maximum of one hundred ten calendar days from the date of initiation.
This Section was not intended to prevent withdrawal of signatures; it was intended to determine when signatures expire as a matter of law. We note that certain provisions of the Recall Act are patterned after the Primary Election Law, NMSA 1978, Sections 1-8-10 to 1-8-52 (Repl.Pamp. 1984), which specifically prohibits the withdrawal of any person's name on a nominating petition. § 1-8-34(A). However, the Recall Act, which was passed after the Primary Election Law, does not contain any such prohibition. The Legislature is presumed to know of laws already in existence and to have enacted a new law with existing law in mind. See New Mexico Board of Pharmacy v. New Mexico Board of Osteopathic Medical Examiners, 95 N.M. 780, 626 P.2d 854 (Ct.App. 1981); Fireman's Fund Insurance Co. v. Tucker, 95 N.M. 56, 618 P.2d 894 (Ct.App. 1980). Thus, had the Legislature so desired, it would have prohibited withdrawal of signatures placed on a petition for recall. This Court will not read into the Recall Act language which is not there. Burroughs v. Board of County Commissioners, 88 N.M. 303, 540 P.2d 233 (1975).
We conclude that the district court erred in finding that name withdrawal petitions received after the closure date were untimely. We also conclude that removal of the signatures of those who submitted name withdrawal petitions results in an insufficient number of signatures to require a special election to recall Griffin.

II. Statutory Compliance.
On appeal, respondent also claims that the signature provisions of the Recall Act are mandatory. Respondent therefore argues that the district court erred in finding that in determining whether there were sufficient names to initiate a special recall election, there need only have been substantial compliance with the requirements of Section 22-7-10. We disagree with respondent.
Section 22-7-9 provides in pertinent part:
B. Upon receipt of completed petitions, the superintendent shall stamp the petitions with the date of closure. All complete petitions for the recall of one named member shall be filed with the superintendent on the same day within three months from the date of initiation.
C. The superintendent shall immediately transmit the completed petitions to the county clerk who shall verify the signatures thereon within ten working days.
D. Within five working days of the validation by the county clerk, the superintendent shall determine whether the verified signatures meet the minimum number required by Section 22-7-10 NMSA 1978 of the Local School Board Member Recall Act.
E. If the superintendent determines that sufficient signatures have not been submitted, he shall notify the petitioner at the mailing address listed on the face sheet and the named member by registered mail, return receipt requested, within three working days after the determination.
F. If the superintendent determines that sufficient signatures have been submitted, he shall do the following within three working days after the determination:
(1) notify the petitioner at the mailing address listed on the face sheet and named member by registered mail, return receipt requested; and
(2) initiate procedures for a special recall election as provided in Section 22-7-13 NMSA 1978 of the Local School Board Member Recall Act.
Section 22-7-10 provides:
A. No signature may be signed on the petition prior to the initiation date.
B. Signatures are valid for a maximum of one hundred ten calendar days from the date of initiation.

*939 C. Each signer of a recall petition shall sign but one petition one time for the recall of one named member.
D. The signature shall not be counted unless the entire line is filled in full and is upon the form prescribed by the Local School Board Member Recall Act [22-7-1 to 22-7-16 NMSA 1978].
E. A signature shall be counted on a recall petition unless there is evidence presented that the person signing:
(1) is not a registered voter of the county and of the school district listed on the face sheet of the petition;
(2) has signed more than one recall petition for one named member or has signed one petition more than once; or
(3) is not the person whose name appears on the recall petition.
F. The minimum number of verified signatures needed to validate a petition is thirty-three and one-third percent of the number of registered voters who voted for the school board position of the named member at the last preceding school board election.
The "entire line" on the form described in Section 22-7-10(D) is set forth in Section 22-7-6 and provides:

1. ________________________________________________________
Usual Name printed Address as City Date
signature As registered Registered

Read in conjunction with Section 22-7-9, it is clear that the purpose of Section 22-7-10 is to assist a county clerk in verifying signatures and to assist a superintendent in determining if there are sufficient signatures to initiate a special recall election. The requirements of Section 22-7-10(D) (incorporating Section 22-7-6) that a signer's name be "printed as registered," that his "address" be listed "as registered," and that his "city" be listed were obviously intended to enable a county clerk to determine whether the signer is "a registered voter of the county and of the school district" listed on the petition as required by Section 22-7-10(E)(1). The requirement of a "usual signature" enables a county clerk to verify that the person signing is "the person whose name appears on the recall petition." § 22-7-10(E)(3). Thus, where the information contained in the petition substantially complies with Section 22-7-10(D) and is sufficient to allow the county clerk to verify that the signer is a registered voter of the county and school district and that he is the person whose name is on the petition, the "entire line" shall be considered "filled in full."[1]See Montoya v. Lopez, 99 N.M. 448, 659 P.2d 900 (1983). One exception is that failure to list the "date" of signature shall result in exclusion of the signature because the superintendent will be unable to determine whether the signature was signed "prior to the initiation date." § 22-7-10(A).
The superintendent, upon receipt of the verified signatures, must determine whether those verified signatures are sufficient to require a special recall election. In so doing, a superintendent must exclude those signatures without a date, § 22-7-10(A), those signatures which have expired as a matter of law, § 22-7-10(B), and those signatures which a county clerk finds do not meet the requirements of Section 22-7-10(E)(1) and (3). Where a person signs a petition more than once, contrary to Section 22-7-10(C) and (E)(2), the superintendent shall count the multiple signatures as one signature.
In the present case, the record shows that respondent did not count several signatures because the line was not "filled in full" (i.e., the name was not "printed as registered," the "city" was not listed, or the "date" was not listed). In accordance with our analysis of Sections *940 22-7-9 and 22-7-10, we determine that it was proper for respondent to exclude those signatures not listing a date. However, we determine that respondent's exclusion of signatures with names not "printed as registered" or with "city" not listed was inconsistent with the purpose of Section 22-7-10(D) and was therefore improper.
We have reviewed the petitions and determine that after excluding the signatures of individuals who petitioned to have their names withdrawn and after excluding the signatures that failed to meet the requirements of Section 22-7-10, there are 225 valid signatures to recall Robinson and 236 valid signatures to recall Vackar. We therefore conclude that there are sufficient signatures to initiate procedures for a special recall election of Robinson and Vackar.
The judgment of the district court is affirmed in part, reversed in part, and the case is remanded for the district court to set the date for the special recall election of Robinson and Vackar.
IT IS SO ORDERED.
STOWERS and WALTERS, JJ., concur.
NOTES
[1] We recognize that Catron county is a relatively small county and that the clerk there may require little information to verify registered voters. The clerk of a larger county (e.g., Bernalillo county) may require more information to do so.