FILED
United States Court of Appeals
Tenth Circuit

October 13, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ALAN WOODRUFF; DANIEL
FENTON; GREEN PARTY OF
NEW MEXICO,

        Plaintiffs-Appellants,

and

LIBERTARIAN PARTY OF
NEW MEXICO; DONALD HILLIS;
REFORM PARTY OF NEW
MEXICO; LA RAZA UNIDA,

        Plaintiffs,

v.

MARY HERRERA, New Mexico
Secretary of State,

        Defendant-Appellee.

No. 10-2076
(D.C. Nos. 1:09-CV-00449-JCH-KBM;
1:10-CV-00123-JCH-KBM;
1:10-CV-00124-JCH-KBM)
(D. N.M.)

ORDER

Before **HARTZ** and **PORFILIO**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

This matter comes before the court on "Appellants' Motion for

Reconsideration and *En Banc* Review." The petition for panel rehearing is

denied. The petition for rehearing en banc was transmitted to all of the judges of

the court who are in regular active service. As no member of the panel and no judge in regular active service on the court requested that the court be polled, the petition for rehearing en banc is also denied.

The court has determined, however, that the order and judgment issued in this appeal on September 9, 2010, should be modified for clarification. Further, the court has determined sua sponte that the modified decision shall be published. Consequently, the Clerk of the Court is directed to file the attached modified published opinion forthwith.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

October 13, 2010

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALAN WOODRUFF; DANIEL
FENTON; GREEN PARTY OF NEW
MEXICO,

Plaintiffs-Appellants,

and

LIBERTARIAN PARTY OF NEW
MEXICO; DONALD HILLIS;
REFORM PARTY OF NEW
MEXICO; LA RAZA UNIDA,

Plaintiffs,

v.

MARY HERRERA, New Mexico
Secretary of State,

Defendant-Appellee.

No. 10-2076

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. Nos. 1:09-CV-00449-JCH-KBM, 1:10-CV-00123-JCH-KBM,
and 1:10-CV-00124-JCH-KBM)**

---

Submitted on the briefs:[*]

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of

(continued...)

Alan P. Woodruff, Pro Se and Counsel for Daniel Fenton and Green Party of New Mexico, Albuquerque, New Mexico, Plaintiffs-Appellants.

Gary K. King, Attorney General, Scott Fuqua, Assistant Attorney General, Santa Fe, New Mexico, for Defendant-Appellee.

---

Before **HARTZ**, Circuit Judge, and **PORFILIO** and **BRORBY**, Senior Circuit Judges.

---

**HARTZ**, Circuit Judge.

---

At times the Green Party of New Mexico has been a significant force in New Mexico politics, perhaps determining the outcome of races for major offices such as Governor and member of Congress. Recently, however, its candidates have not garnered sufficient votes for it to qualify for designation as a minor political party under state law. To requalify, it must file petitions with sufficient signatures of voters declaring that they desire the party to be a qualified political party in the state. *See* N.M. Stat. Ann. § 1-7-2(A) (1978). In addition, the party's designated candidates must submit petitions with sufficient signatures of voters supporting the candidate. *See id.* §§ 1-8-2(B), 1-8-3(C).

---

[*](...continued)
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Daniel Fenton, a New Mexico resident but not a registered voter, seeks to be a candidate for a seat in the United States House of Representatives. He and the Green Party (Plaintiffs) brought suit in the United States District Court for the District of New Mexico against the Secretary of State to challenge several provisions of the New Mexico Election Code.[1] Only two of the claims are relevant to this appeal. One claim–Count II-A of the complaint–challenged the constitutionality of the Election Code requirement that a candidate for political office be a registered voter. *See id.* § 1-8-18. The other–raised in Count IV of the complaint–related to petitions for a minor political party or its candidates. It challenged the constitutionality of Election Code provisions regarding the personal address to be placed on such petitions by a qualified voter who signs one.[2] *See id.* §§ 1-7-2(A), 1-8-2(B), 1-8-31(C).

The district court agreed with Plaintiffs regarding the constitutionality of the provisions. It held that "it is unconstitutional to require that a person running for

---

[1]    The lead plaintiff in the lawsuit, Alan Woodruff, is an attorney representing Plaintiffs, but does not appear to have a personal issue on appeal.

[2]    In the complaint, Plaintiffs challenged the Election Code provisions only as they relate to the addresses of voters who sign candidate nominating petitions. In its motion for summary judgment, however, the Green Party challenged the provisions as they relate to the addresses of voters who sign minor-party qualifying petitions. The Secretary of State did not challenge Plaintiffs' right to raise the issue, the district court's summary-judgment ruling decided the constitutionality of the Election Code provisions relating to signers of party qualifying petitions, and the Secretary's brief on appeal does not challenge the propriety of this ruling.

U.S. Representative be registered to vote." R. at 890. And it held that the Election Code is inconsistent regarding "whether signers of petitions must state their address of residence or their address as registered," and is therefore unconstitutionally vague. *Id.* at 899.

Those two holdings are not at issue on appeal. What Plaintiffs are challenging is the district court's failure to give them the relief to which they claim entitlement based on those holdings. Mr. Fenton contends that he should be placed on the ballot because the Election Code has no provisions relating to candidates who are not registered voters. And the Green Party contends that it should not have to file petitions to qualify as a minor political party. The district court disagreed with those contentions, and so do we. In particular, we hold: (1) The district court did not rewrite the Election Code by stating that Mr. Fenton must comply with all statutory requirements other than being a registered voter; the court simply held that one requirement was unconstitutional, leaving the other requirements in place. (2) The district court properly ordered that the address requirement for petition signers could be satisfied by providing either the residence address or the registration address; this was a suitable remedy for a constitutional violation and was required by the Code in any event. (3) The district court's order did not contradict the law of the case established by its summary-judgment ruling, because that ruling did not state–and Plaintiffs did not interpret it to state–that Mr. Fenton was ordered on the ballot or that the Green

-4-

Party was ordered to be recognized as a qualified party. (4) The district court's

order did not violate due process by depriving Plaintiffs of adequate time to obtain

petition signatures required under the Code.

## I.      PROCEDURAL BACKGROUND

### A.      The Complaint

Count II-A of the complaint asserted that § 1-8-18 of New Mexico's

Election Code is unconstitutional because it requires that all candidates for

nomination by political parties be registered voters.[3]  Count IV raised two

constitutional challenges, the only one relevant to this appeal being that the

Election Code provisions relating to the required address of a petition signer are

unconstitutionally vague.  In particular, Count IV asserted that conflicting

provisions of the Code make it unclear whether petition signers are required to

---

[3]      N.M. Stat. Ann. § 1-8-18(A) (1978) states:

> No person shall become a candidate for nomination by a political party or have his name printed on the primary election ballot unless his record of voter registration shows:
>
> (1) his affiliation with that political party on the date of the governor's proclamation for the primary election; and
>
> (2) his residence in the district of the office for which he is a candidate on the date of the governor's proclamation for the primary election or in the case of a person seeking the office of United States senator or United States representative, his residence within New Mexico on the date of the governor's proclamation for the primary election.

provide their address of residence or their address as registered, which might not be the same. *See* N.M. Stat. Ann. §§ 1-7-2(A), 1-8-2(B), 1-8-30(C), 1-8-31(B) (1978).

### B.      Ruling on Motions for Summary Judgment

Mr. Fenton moved for summary judgment on Count II-A, and the Green Party moved for summary judgment on Count IV.  The district court granted Mr. Fenton summary judgment, holding (1) that it is undisputed that the Election Code requires anyone desiring to run for the U.S. House of Representatives, whether as a nominee of a major or minor party or as an independent candidate, to be a registered voter, and (2) that under this court's opinion in *Campbell v. Davidson*, 233 F.3d 1229, 1234 (10th Cir. 2000), "it is unconstitutional to require that a person running for U.S. Representative be registered to vote."  R. at 890. Further, it held that "the portions of the Declaration of Candidacy [forms for candidates] that require voter registration are unconstitutional." *Id.* at 891.  The court also granted summary judgment to the Green Party, concluding that "with regard to whether the signers of petitions must state their address of residence or their address as registered, the Election Code is internally inconsistent and unconstitutionally vague." *Id.* at 899.[4]

---

[4]      We note that the district court's rationale relied exclusively on Election Code provisions in Article 8, which governs candidate nominating petitions.  We agree with the court that the Article 8 provisions regarding the address

(continued...)

-6-

**C.      Ruling on Motion for Entry of Final Judgment**

On December 23, 2009, two weeks after the district court's summary-judgment ruling, Plaintiffs filed an emergency motion for entry of final judgment on Counts II-A, II-B, and IV (Emergency Motion).  Plaintiffs asserted that the court's summary-judgment order entitled them to relief, but "until [Plaintiffs] know the precise nature of their relief, they remain unable to effectively participate in the 2010 general election."  R. at 994; s*ee also id.* at n.2 (stating that form of relief granted by court would determine what actions

---

[4](...continued)
requirement for candidate nominating petitions are in conflict.  *Compare* N.M. Stat. Ann. § 1-8-31(B) (1978) (requiring petition signer to provide his address of residence or, lacking that, a mailing address) *with id.* § 1-8-30(C) (setting forth mandatory petition form requiring petition signer to provide his address as registered).  The court concluded that if a petition signer's registered and residence addresses differed, the conflicting provisions would leave the signer to guess which address is actually required, and the Code's provisions are therefore unconstitutionally vague.

We question whether this rationale can also be applied to party qualifying petitions.  Those petitions are governed by Article 7 of the Election Code, and § 1-7-2(A) clearly provides that "[t]o qualify as a political party in New Mexico, . . . the governing body of the political party shall . . . file with the secretary of state a petition containing the hand-printed names, signatures, *addresses of residence* and counties of residence" of a designated number of voters.  (Emphasis added.)  Although the form for party qualifying petitions promulgated by the Secretary of State conflicts with the statute by requiring a signer to provide his registered address, that form (unlike the candidate nominating form) is not codified in the Election Code.  Thus, there seems to be no conflict among Code provisions that would make the Code itself unconstitutionally vague with respect to party qualifying petitions.  Apparently, the sole problem is that the Secretary's form unlawfully conflicts with the statute.  Nevertheless, neither Plaintiffs nor the Secretary has challenged on appeal the merits of the district court's summary-judgment ruling on this matter.

Plaintiffs had to take). Plaintiffs asked that the court (1) direct the Secretary of State to include Mr. Fenton on the 2010 ballot as a candidate for the U.S. House of Representatives; (2) "[e]njoin the Secretary of State from enforcing NMSA §1-7-2(A) as a condition for 'qualifying' minor political parties for ballot access"; and (3) direct the Secretary to recognize the Green Party as a "qualified" party. *Id*. at 994.

The court entered final judgment on the three counts on April 5, 2010, but it declined to grant the relief that Plaintiffs requested. The court rejected Mr. Fenton's contention that he should be "place[d] on the ballot without satisfying any of the statutory requirements imposed upon other candidates." *Id*. at 1380. It said:

> Fenton must determine whether he wants to run as a member of a party or as an independent, and then he must fulfill all of the statutory obligations of such candidates with the exception of the voter registration requirement. If the statute requires him to prove membership in a party, Fenton must do so, though the Secretary of State may not require that he make such proof solely through voter registration. However, the Court will not excuse Fenton from meeting the other ballot access requirements set forth in the Election Code.

*Id*. at 1381.

The court also rejected the Green Party's contention that the Secretary should be ordered to qualify it as a minor political party for the 2010 election, thereby relieving it of all petition requirements. It instead adopted the suggestion by the Secretary that the remedy should be to order her to accept signatures

accompanied by either the address as registered or the residence address. The court said that any remedy would require some conflict with the Election Code but the Green Party's suggested remedy would do "the most violence" to it. *Id.* at 1382. The court concluded that its remedy would satisfy "the Legislature's intent that in order to be qualified, parties must file signed petitions." *Id.* at 1383.

## II. DISCUSSION

Plaintiffs appeal the district court's remedial order, contending that they were entitled to broader relief than the court provided. Our jurisdiction arises under 28 U.S.C. § 1291.[5] As the district court determined, there are no disputed facts in this case. Thus, we need review only the district court's conclusions of law; that review is de novo. *See O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1221 (10th Cir. 2007).

### A. Mr. Fenton

Mr. Fenton argues that by requiring him to meet the ballot-access requirements in the Election Code applicable to other candidates, the district court

---

[5] We initially questioned whether we had jurisdiction over this appeal because the district-court order being appealed did not appear to be a final, appealable order. The district court later entered an order certifying under Fed. R. Civ. P. 54(b) that the claims at issue on appeal are final and appealable and that there is no just reason for delay. Accordingly, we have jurisdiction over this appeal. The district court's certification also included a third claim, but Plaintiffs have not addressed it in their briefs on appeal. Their failure to do so waives any challenge to that claim. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

effectively rewrote the Election Code with respect to unregistered-voter candidates. He maintains that because the Election Code's ballot-access requirements apply only to registered voters, none apply to candidates who are not registered to vote. Therefore, he reasons, the court improperly added provisions to the Election Code when it held that he had to meet the Code's ballot-access requirements despite his unregistered status. Mr. Fenton's argument mischaracterizes the Code and the proceedings.

The Election Code contains different requirements for a candidate to get on the ballot depending on whether he is running as the nominee of a major party, as the nominee of a minor party, or as an independent candidate. The only ballot-access requirement underlying Mr. Fenton's appeal is the requirement that a candidate be a registered voter to run for the U.S. House of Representatives.[6] The district court agreed that the Code unconstitutionally requires a congressional candidate to be registered to vote, so it invalidated that requirement. Moreover, the court held that if a ballot-access provision would require Mr. Fenton to prove membership in a party, the Secretary of State could not require that he do so solely through voter registration.

The court did not, however, invalidate any ballot-access requirement relating to major or minor party nominees or independent candidates except those

---

[6]    In district court Mr. Fenton also asserted challenges to other ballot-access requirements not at issue on appeal.

requiring a candidate to be a registered voter. The course that Mr. Fenton would have to take to get on the ballot was therefore clear. As the court explained in its remedial order, once Mr. Fenton determined whether he was going to run as a party nominee or as an independent candidate, he had to comply with the ballot-access requirements related to that chosen status. The court's decision did not add new provisions to the Election Code. Rather than imposing new requirements on unregistered candidates, the court merely left intact all requirements except the registration requirement.

Likewise unavailing is Mr. Fenton's contention that the court's remedial order ignored the law of the case established in the summary-judgment ruling. The court concluded on summary judgment only that New Mexico could not require Mr. Fenton to be a registered voter to qualify as a candidate for the U.S. House of Representatives. It did not hold that Mr. Fenton should automatically be placed on the ballot. For Mr. Fenton to argue otherwise is inconsistent with what he said in the Emergency Motion, which sought further rulings from the district court that would have been unnecessary if he believed that he was already assured of being on the ballot. Indeed, the Emergency Motion's premise for requesting an expedited ruling was that "[t]he period for petition collection is already well under way, and the date when ballot access petitions must be filed is rapidly approaching." R. at 994 (footnote omitted). Mr. Fenton clearly understood that,

-11-

absent further court action, he would need to collect the necessary petition signatures.

We also are not persuaded by Mr. Fenton's argument that the district court's remedial order denied him due process because he had inadequate time to obtain petition signatures after the order was entered. Surely, a potential candidate for office should not be permitted to gain access to the ballot by suing to invalidate the petition requirement, losing the suit, and then claiming that there was inadequate time after judgment to obtain petition signatures. The potential candidate should have been gathering petition signatures while pursuing the litigation. The only difference between Mr. Fenton and such a potential candidate is that he prevailed on one claim of his challenge to the Election Code. But the district court never suggested to him that he did not need to gather petition signatures, and his status as one not registered to vote was unrelated to the petition process. He had as much time as any other candidate to gather signatures. In addition, there is no merit to his contention that he was denied due process because candidates who were not registered voters had no notice of what, if any, petition requirements they would need to satisfy. As we have already explained, candidates were on notice that they needed to comply with all requirements of the Election Code that are constitutional.

Finally, we reject Mr. Fenton's argument that the sole remedy for the unconstitutionality of the registered-voter requirement was to order his name

placed on the ballot. He relies on two Supreme Court cases in which the Court ordered that a party or a candidate be placed on the ballot. But neither imposed an absolute rule. Instead, each looked to the particular circumstances of the case in crafting an appropriate remedy for the unconstitutional limitation. *See Williams v. Rhodes*, 393 U.S. 23, 35 (1968) (concluding that "under the circumstances," Ohio would be required to print the name of the Ohio American Independent Party on the ballot, but the Socialist Labor Party would be limited to the relief previously granted, namely space on the ballot for write-in votes); *McCarthy v. Briscoe*, 429 U.S. 1317, 1322–23 (1976) (Powell, J., in chambers) (concluding that when the State had precluded independent presidential candidates from gaining access to the ballot, the Court was not limited to allowing the candidate to collect petition signatures to show support, but it could "properly look to available evidence or to matters subject to judicial notice to determine whether there is reason to assume the requisite community support" to place the candidate's name on the ballot).

The district court properly concluded that it was not necessary to place Mr. Fenton's name on the ballot to remedy the unconstitutional limitation on his access to the ballot. It was enough to permit him to qualify for the ballot through the petition process.

### B.     The Green Party

The Green Party also challenges the district court's remedial order on several grounds. First, it contends that by ordering the Secretary of State to accept

-13-

either the address of residence or the address as registered of signers of party qualifying petitions, the court improperly rewrote the Election Code. We disagree.

The Party cites cases stating that a court cannot rewrite a statute to save its constitutionality. *See*, *e.g.*, *Colo. Right to Life Comm., Inc. v. Coffman,* 498 F.3d 1137, 1155 (10th Cir. 2007). But that is not what the district court did. On the contrary, it held that the Election Code was unconstitutional in one respect. It therefore had to construct a remedy. Any remedy would require "violating" the Code in some way. Certainly an order to declare the Party to be a qualified party, despite its failure to comply with the requirements for that status, would "rewrite" the Code. In our view, the court's order was a proper exercise of its power to remedy a constitutional violation and was entirely consistent with the Election Code. *See McCarthy*, 429 U.S. at 1323 (fashioning remedy for unconstitutional denial of ballot access that carried out purpose of election law).

Indeed, the district court's remedial order did nothing more than restate New Mexico law regarding petition signatures. The sole grounds for rejection of a signature on a nominating petition are set forth in § 1-8-31(C). As relevant here, § 1-8-31(C) requires that a signature on a petition be counted unless the person signing the petition failed to provide required information "sufficient to determine that the person is a qualified voter of the state, district, county or area to be

represented."[7] The address provisions in §§ 1-8-30(C) and 1-8-31(B) facilitate the determination required by § 1-8-31(C), because either an address of residence or an address as registered would suffice to determine whether the petition signer is a qualified voter. *Cf. State ex rel Citizens for Quality Educ. v. Gallagher*, 697 P.2d 935, 939 (N.M. 1985) (requirement that signer of school-board recall petition indicate address as registered was "obviously intended to enable a county clerk to determine whether the signer is a 'registered voter of the county and of the school district'" as required by N.M. Stat. Ann. § 22-7-10(E)(1) (1978)). But, as New Mexico Supreme Court precedent firmly establishes, those address provisions do not impose conditions for counting a signer beyond those set forth in § 1-8-31(C). The Supreme Court has said that it is "committed to examine most carefully, and rather unsympathetically any challenge to a voter's right to participate in an election, and will not deny that right absent bad faith, fraud or reasonable opportunity for fraud." *Ruiz v. Vigil-Giron*, 196 P.3d 1286, 1288 (N.M. 2008) (internal quotation marks omitted)). In keeping with this commitment, settled New Mexico law provides that a signature on a petition will be counted if it gives the relevant government officer sufficient information to determine its validity, even if it does not conform to the exact requirements of a statutory petition form. *See Gallagher*, 697 P.2d at 939 (failure of signature to conform with statutory

---

[7]    The statute contains other conditions for disqualification that are not at issue on appeal.

-15-

form would not invalidate signature so long as information provided was sufficient to allow county clerk to determine that signer was qualified voter); *Simmons v. McDaniel*, 680 P.2d 977, 978-99 (N.M. 1984) (refusing to invalidate petition signatures that provided address other than registered address required by statutory form, because lack of registered address was not a cause for disqualification listed in what is now § 1-8-31(C)).

Thus, the district court did not improperly rewrite the Election Code when it ordered the Secretary to accept either the address of residence or the address as registered of petition signers.

The Green Party also argues that the district court ignored the law of the case when it ordered the Secretary to accept either the residence or registered addresses of petition signers, a remedy it allegedly had rejected in its summary-judgment order. The Green Party points to the district court's statement in the order that "parties and candidates gathering signatures for their petitions should not be forced to guess at which address is actually required from signers," or to await a court challenge to the signatures to argue that the address provided was valid under one provision or another. R. at 899. But the court made this statement in explaining its rejection of the Secretary's suggestion that the Green Party use the petition form that she had promulgated–which required the address as registered–but have each signer write down his address of residence. Contrary to the Green Party's contention, the remedy fashioned by the district court was not

one that it had rejected on summary judgment. The court was concerned that parties might be uncertain which address they should require people signing their petitions to provide and they might not know if they had chosen correctly until it was too late. The court's remedy eliminated this uncertainty by requiring the Secretary to accept either address. The remedy therefore complemented, rather than contradicted, the court's reasoning on summary judgment. In any event, this court is not bound by the law of the case set in district court, *see Woods v. Kenan (In re Woods)*, 173 F.3d 770, 776 (10th Cir. 1999); and we hold that the remedial order was wholly proper.

Like Mr. Fenton, the Green Party further contends that under Supreme Court authority, the sole remedy for the unconstitutionally vague Election Code provisions was to order that the Green Party be qualified as a minor party. We have already discussed and rejected that argument with respect to Mr. Fenton. It is similarly unavailing with respect to the Green Party.

The Green Party also maintains that the district court's remedial order denied it due process. It contends that it relied on the court's summary-judgment order to discontinue its efforts to gather petition signatures, justifiably assuming that the Election Code's petition requirements no longer applied to it. The Green Party's alleged reliance was not justified, however, because the district court's summary-judgment order did not suggest that the Green Party could qualify as a minor party without submitting the required petition signatures. And the Green

-17-

Party knew this. After the summary-judgment order was filed, not only did its Emergency Motion state that it did not know "the precise nature" of the relief that the court intended to grant, R. at 994, but it also filed a motion for preliminary injunction seeking to enjoin the Secretary from enforcing the requirements relating to minor-party qualifying petitions, *see id.* at 1107–1131, and it filed an emergency motion for permanent injunction in which it acknowledged that "[t]he Order granting summary judgment did not specify the relief to be granted for the constitutional violations identified therein," *id.* at 1283. The court's orders did not deprive the Green Party of sufficient time to collect the necessary signatures for its party qualifying petition. Nor was there any practical problem for the Green Party in gathering petition signatures. It could have used the Secretary's form (which asked for the address of registration) with full confidence under New Mexico law (as set forth above) that the signer would not be rejected on the ground that the address was not the residence address.

The Green Party makes two final arguments that are easily disposed of. First, it argues that in fashioning a remedy for the constitutional violation, the district court failed to comply with the dictates of *Anderson v. Celebrezze*, 460 U.S. 780 (1983), "to identify specific state interests and weight state interests against the burdens imposed on the Green Party and to make specific factual determinations regarding these interests and burdens." Aplt. Amended Br. at 26-27 (emphasis omitted). The Green Party's reliance on *Anderson* is misplaced.

-18-

*Anderson* described the analysis a court should follow when determining whether a State's election laws are unconstitutional because they unduly or unfairly burden the voting and associational rights that the plaintiff seeks to vindicate. 460 U.S. at 789. The decision did not speak to the appropriate remedy to be fashioned once a court finds an unconstitutional burden.

Second, the Green Party argues that we may grant the remedial relief it seeks based on the Secretary's allegedly improper use of the term *qualified elector* rather than *voter* on her form for party qualifying petitions. But the Party did not show the district court why use of the form would impair its petition-gathering efforts. At worst, a qualified elector who was not registered to vote (and therefore was statutorily ineligible to sign a petition) would sign the petition and the signer would not be counted.

Appellants' unopposed emergency motion in this court for expedited argument and ruling and the supplement thereto are DENIED as moot.

The judgment of the district court is AFFIRMED.